# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MARIA R. SHELTON,**
**Claimant Below, Petitioner**

**vs.)   No. 18-0968** (BOR Appeal Nos. 2052760 and 2052940)
(Claim No. 2016029340)

**DEEPWELL ENERGY SERVICES,**
**Employer Below, Respondent**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Maria R. Shelton, by Counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Deepwell Energy Services, by Counsel Jeffrey B. Brannon, filed a timely response.

The issues on appeal are medical benefits, temporary total disability, additional compensable conditions and travel reimbursement. The claims administrator denied the addition of right hip arthritis to the claim on July 10, 2017. On September 19, 2017, it denied a reopening of the claim for temporary total disability benefits. On October 2, 2017, the claims administrator denied a request for travel reimbursement. The Office of Judges affirmed the decisions in its March 16, 2018, Order. The Order was affirmed by the Board of Review on September 26, 2018. The claims administrator denied a right psoas tendon injection and greater trochanteric bursa injection on September 18, 2017. On September 19, 2017, it denied physical therapy. On February 21, 2018, the claims administrator denied an ultrasound guided tendon injection of the right hip. The Office of Judges affirmed the decisions in its May 22, 2018, Order. The Order was affirmed by the Board of Review on September 26, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Shelton, a laborer, was injured in the course of her employment on May 11, 2016, when she fell from the bed of her truck. The Employees' and Physicians' Report of Injury indicates

1

she injured her right side in the fall. She was treated at Stonewall Jackson Memorial Hospital and diagnosed with right shoulder sprain, right rib cage contusion, and right hip contusion. It was noted that she had preexisting right shoulder pain for which she was currently undergoing treatment. Ms. Shelton followed up with Freddie Persinger, D.O., on May 16, 2016. After examination, Dr. Persinger diagnosed right arm contusion and subacromial impingement of the right shoulder. Ms. Shelton was to be off of work for two weeks and to do home exercises. On May 26, 2016, she was seen for follow up, and Dr. Persinger diagnosed right groin strain.

A right shoulder MRI was performed on June 25, 2016, and showed degenerative changes in the acromioclavicular joint with small osteophytes that slightly impinged on the supraspinatus tendon. It also revealed tendinopathy at the insertion of the supraspinatus tendon. Treatment notes from Country Roads Physical Therapy indicate Ms. Shelton was to have physical therapy for twelve weeks. It was noted that her shoulder pain began in November of 2015 and worsened after her May 11, 2016, fall.

On April 26, 2016, Ms. Shelton sought treatment from Chad Poage, D.O. He indicated that Ms. Shelton saw his partner, Chad Micucci, M.D., the week prior. Dr. Micucci recommended a diagnostic arthropathy of the right shoulder. Ms. Shelton continued to have pain in the shoulder that limited her range of motion. Physical therapy worsened the pain. Dr. Poage diagnosed rotator cuff tendinopathy in the right shoulder. On August 3, 2016, Dr. Poage performed a diagnostic arthroscopy of Ms. Shelton's right shoulder. He performed extensive debridement of the glenohumeral and rotator cuff departments along with subacromial decompression for a partial rotator cuff tear and impingement syndrome. The diagnosis was listed as rotator cuff tear or rupture of the right shoulder, not specified as traumatic.

Ms. Shelton testified in an August 24, 2016, deposition that physical therapy alleviated some of her right hip pain but she was still unable to squat. She stated that she had no right hip pain prior to the compensable injury. She was undergoing treatment for her right shoulder at the time of her injury, but she missed no work for it. After her compensable fall, her right shoulder pain increased and she was unable to use her shoulder. She has not returned to work since her injury. Ms. Shelton stated that she was not on any medication for her right shoulder or hip prior to the compensable injury. She testified that she underwent shoulder surgery by Dr. Poage, and all treatment with him was billed under her regular insurance.

A September 13, 2016, treatment note by Dr. Poage indicates Ms. Shelton was doing well post-surgery and her shoulder was improving. She still had right groin pain as well as popping and catching in the right hip. The diagnoses were listed as status post right shoulder arthroscopy and ongoing right hip pain with possible labral tear. A right hip MRI was performed on September 28, 2016, and showed an oblique tear of the anterior superior right hip labrum. Ms. Shelton returned to Dr. Poage on October 13, 2016, with complaints of significant groin pain and right-sided genital pain with movement. The pain had been present for six months and rendered Ms. Shelton unable to do normal activities. Dr. Poage noted that the MRI showed a labral tear. He referred her to a hip arthroscopy specialist.

On November 11, 2016, Jonathan Luchs, M.D., performed an age of injury analysis of the June 25, 2016, right shoulder MRI. Dr. Luchs noted that the MRI reader found degenerative changes of the acromioclavicular joint and tendinopathy at the insertion of the supraspinatus tendon. Dr. Luchs concurred and additionally stated that he saw no evidence of tears. He found acromioclavicular joint arthropathy and subacromial impingement resulting in tendinosis and bursitis. He concluded that the MRI showed findings of subacromial impingement resulting in supraspinatus tendinosis and subdeltoid bursitis. He opined that the conditions were chronic. Dr. Luchs also performed an age of injury analysis of the June 25, 2016, right hip MRI. He opined that the MRI showed bilateral greater trochanteric bursitis, which is a chronic finding. On March 14, 2017, the Office of Judges reversed a claims administrator decision and held the claim compensable for right shoulder sprain, right rib cage contusion, and right hip sprain.

Ms. Shelton sought treatment from Justin Brewer, PA-C, and Christopher Courtney, D.O., on April 10, 2017. The treatment note indicates she was seen for right hip and groin pain. It was noted that she underwent right hip labral repair and resection in December of 2016. Ms. Shelton reported that she now has right groin pain and right leg pain. Mr. Brewer assessed right labral tear and femoral acetabular impingement. Injections and physical therapy were recommended. Mr. Brewer requested authorization for a right hip intra-articular injection and physical therapy for a right acetabular labrum tear, right hip arthritis, right hip pain, and antalgic gait. On April 18, 2017, Mr. Brewer and Dr. Courtney requested that right labrum tear, right hip arthritis, and right hip pain be added as compensable diagnoses in the claim. A right hip intra-articular joint injection was given on June 2, 2017, for the diagnoses of right hip pain, tear of the right acetabular labrum, and right hip arthritis.

In a June 26, 2017, Order, the Office of Judges reversed an April 7, 2017, claims administrator's decision which denied referral for intra-articular injection of the right hip and remanded the claim pending a ruling on Dr. Courtney's April 19, 2017, diagnosis update. It also affirmed a denial of physical therapy because right rotator cuff tendonitis and bursitis are not compensable conditions. The Office of Judges reversed an April 11, 2017, claims administrator's decision, which denied referral for physical therapy for the diagnoses of tear of the right acetabular labrum, right hip arthritis, right hip pain, and antalgic gait, and remanded the case pending a ruling on Dr. Courtney's diagnosis update. Lastly, the Office of Judges affirmed the denial of the addition of other lesions of the right shoulder, right hip pain, and right shoulder pain to the claim. The claims administrator denied the addition of right hip arthritis to the claim on July 10, 2017.

On July 28, 2017, Ms. Shelton returned to Dr. Courtney who noted that her pain was greatly improved by a hip injection for right hip arthritis. He released her to return to work without restrictions. Ms. Shelton completed a claim reopening application on August 16, 2017, requesting temporary total disability benefits from August 16, 2017, through November 20, 2017. Dr. Courtney listed the diagnoses as right hip injury, labral tear, psoas tendonitis, and greater trochanteric bursitis. He recommended a right hip injection, psoas tendon injection, greater trochanteric injection, and physical therapy. He stated that Ms. Shelton could return to work on light duty with no standing, walking, or prolonged sitting. He indicated she has experienced a progression of her right hip pain as well as weakness and tendinitis flare up.

The claims administrator denied a right psoas tendon injection and a greater trochanteric bursa injection on September 18, 2017. On September 19, 2017, it denied reopening of the claim for temporary total disability benefits. In a separate decision that day, the claims administrator also denied physical therapy. A request for travel reimbursement was denied on October 2, 2017.

An independent medical evaluation was performed by David Soulsby, M.D., on December 12, 2017. He diagnosed right shoulder impingement syndrome with partial thickness tear of the supraspinatus tendon, right hip labral tear, and osteoarthritis in the right hip. He found Ms. Shelton had reached maximum medical improvement for the compensable injuries and assessed 4% right shoulder impairment.

A February 16, 2018, treatment note by Mr. Brewer and Dr. Courtney indicates Ms. Shelton was seen for right hip pain. She was having difficulty walking, standing, sitting, and driving. It was noted that her right hip arthroscopy showed mild to moderate degenerative changes. Ms. Shelton reported ongoing symptoms despite surgery and that she attempted to return to work but was unsuccessful due to hip pain. The diagnoses were listed as right hip pain, right psoas tendonitis, right hip arthritis, and right acetabular labrum tear. It was recommended that she undergo physical therapy and receive hip joint injections as well as a trial return to work program.

In a February 16, 2018, letter, Mr. Brewer stated that Ms. Shelton is able to return to work. She has psoas tendonitis and right hip joint pain. He stated that her treatment had not been approved and she was therefore not improving. Ms. Shelton could continue light duty work. Mr. Brewer stated that he still recommends physical therapy, psoas tendon injections, and right hip injections. The claims administrator denied ultrasound guided tendon injection of the right hip on February 21, 2018.

The Office of Judges affirmed the July 10, 2017; September 19, 2017; and October 2, 2017, claims administrator's decisions in its March 16, 2018, Order. It determined that in a prior decision dated March 14, 2017, it held that Ms. Shelton failed to submit sufficient evidence to show that right labrum tear, right acetabular labrum tear, and right hip pain should be added to the claim. The claim was held compensable for right shoulder sprain, right rib cage contusion, and right hip sprain. It determined in the instant case that Ms. Shelton submitted no new evidence demonstrating that she sustained injuries beyond the conditions already held compensable. Dr. Courtney stated in a treatment note that she had preexisting osteoarthritis and that she was experiencing a flare up of her preexisting right hip arthritis due to treatment for a noncompensable condition. The Office of Judges held that right hip arthritis should not be added to the claim.

Regarding travel reimbursement, the Office of Judges found that Ms. Shelton did not submit any travel reimbursements. Additionally, Dr. Courtney, the physician whom she was traveling to see, treated her for post hip arthroscopy for labral debridement and arthritis. Neither condition is compensable in this claim, and reimbursement for travel expenses is therefore not proper. Lastly, the Office of Judges determined that the claim should not be reopened for temporary total disability benefits. Dr. Courtney requested benefits from August 16, 2017, through November 20, 2017, for the conditions of labral tear, psoas tendonitis, and greater trochanteric bursitis. None of these conditions are compensable. Further, Ms. Shelton underwent right hip labral

4

debridement surgery. This constituted a subsequent intervening event, and any disability related to the surgery is not compensable. The Office of Judges concluded that Ms. Shelton failed to show proper cause for reopening her claim on a temporary total disability basis.

In its May 22, 2018, Order, the Office of Judges affirmed the claims administrator's September 18, 2017, decision denying right psoas tendon injections and greater trochanteric bursa injections; affirmed the claims administrator's September 19, 2017, decision denying physical therapy; and affirmed the February 21, 2018, decision denying ultrasound guided right hip tendon injections. The Office of Judges determined that the claim was held compensable for right shoulder sprain, right rib cage contusion, and right hip sprain. None of the requested treatments are aimed at treating these compensable conditions. The Office of Judges found that the treatments were requested for a right labrum tear, right hip pain, right hip psoas tendonitis, and other soft tissue disorders related to the use/overuse of the shoulder. The Office of Judges noted that Ms. Shelton also had preexisting arthrosis of the hip, which was denied as a compensable condition in the claim. Because the requested medical treatment is aimed at treating noncompensable conditions, the claims administrator's denials of treatment were affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Orders in two separate decisions dated September 28, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1 (2018), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Compensation Commissioner*, 153 W. Va. 796, 796, 172 S.E.2d 698, 699 (1970). Ms. Shelton has failed to submit sufficient evidence to show that right hip arthritis developed in the course of and resulting from her employment. Additionally, West Virginia Code § 23-4-3(a)(1) (2005) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. We find that the requested medical treatment and temporary total disability benefits are aimed at treating noncompensable conditions and were also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison